IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIE MAPP,

    Petitioner,

v.

STATE OF OHIO,

    Respondent.

CASE NO. 2:12-CV-1039
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On July 23, 2013, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. Petitioner has filed *Objections* to the Magistrate Judge's *Report and Recommendation* as well as a *Motion for Summary Judgment*. For the reasons that follow, Petitioner's *Objections*, Doc. No. 22, are **OVERRULED**. Petitioner's *Motion for Summary Judgment*, Doc. No. 18, is **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Magistrate Judge recommended dismissal of all of Petitioner's claims based on his failure to establish cause for his procedural default in failing to present any of the claims now raised in these proceedings to the Ohio Supreme Court. Petitioner objects, arguing that he was denied effective assistance of counsel, that this Court abused its discretion in rejecting his request for appointment of counsel in these proceedings, and because, he contends, he is entitled to summary judgment because Respondent sought, and was granted, two extensions of time to file a response to the *Petition*. *See Objections*, Doc. No. 22. These arguments are not persuasive.

1

Habeas corpus proceedings are considered to be civil in nature, and the Sixth Amendment does not guarantee the right to counsel in these proceedings. *See Greene v. Knab*, No. 2:09-cv-258, 2010 WL 3522479, at *3 (S.D. Ohio July 30, 2010)(citation omitted).

> The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. 18 U.S.C. § 3006A(g); .... Appointment of counsel in a habeas proceeding has been found to be mandatory only if the district court determines that an evidentiary hearing is required. Rule 8(c), Rules Governing § 2254 Cases. Where no evidentiary hearing is necessary, as in the instant case, the district court will often consider (1) the legal complexity of the case, (2) factual complexity of the case, and (3) petitioner's ability to investigate and present his claims, along with any other relevant factors.

*Gammalo v. Eberlin*, No. 1:05CV617, 2006 WL 1805898 (N.D. Ohio June 29, 2006) (citations omitted).

The record fails to reflect in this case that either the interests of justice or due process required the appointment of counsel to on petitioner's behalf. An evidentiary hearing is not required to resolve petitioner's claims. Additionally, resolution of Petitioner's claims is not so complex that the appointment of counsel is required.

Petitioner requests summary judgment be granted in his favor, arguing that Respondent failed timely to respond to the Petition. The record, however, does not reflect that Respondent failed to timely respond. Even assuming, arguendo, that it did, granting Petitioner summary judgment on this basis is not appropriate, as this would be "tantamount to granting Petitioner a default judgment which is relief that is unavailable in habeas corpus proceedings." *Ruff v. Jackson*, No. 1:04-cv-014, 2005 WL 1652607, at *2 (S.D. Ohio June 29, 2005)(quoting *Alder v. Burt*, 240 F.Supp.2d 651, 677 (E.D. Mich. 2003)(internal citation omitted)). *See also Lemmons v. O'Sullivan*, 54 F.3d 357, 364-65 (7th Cir.1985) ("Default judgment is an extreme sanction that

2

is disfavored in habeas corpus cases."); *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment."); *Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) ("a default judgment is not contemplated in habeas corpus cases."); *Mahaday v. Cason*, 222 F.Supp.2d 918, 921 (E.D.Mich. 2002) ("A default judgment is unavailable in a habeas corpus proceeding on the ground that state officials fail to file a timely response to the petition.").

Finally, assuming that Petitioner intends to assert, as cause for his failure to present his claims to the Ohio Supreme Court, the constitutionally ineffective assistance of counsel, he nonetheless cannot establish cause for his procedural default. "Ineffective assistance of counsel may constitute cause for a procedural default only at a stage of the proceedings where a petitioner has a Sixth Amendment right to counsel.... It does not extend to discretionary appeals or collateral post-conviction proceedings." *Wilson v. Hurley*, 382 Fed.Appx. 471, 478 (6th Cir. 2010). Petitioner had no Sixth Amendment right to counsel in connection with the discretionary appeal to the Ohio Supreme Court. S*ee Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further.").

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the foregoing reasons, and for the reasons already detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objections,* Doc. No. 22, are **OVERRULED**. *Petitioner's Motion for Summary Judgment,* Doc. No. 18, is **DENIED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

8-20-2013
EDMUND A. SARGUS, JR.
United States District Judge

3